**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS CUNNINGHAM,** | |
| Petitioner, | Case No. 12 C 3508 |
| v. | Hon. Harry D. Leinenweber |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Vacate, Set Aside or Correct Judgment filed by Petitioner Thomas Cunningham pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the Motion is denied.

**I. BACKGROUND**

On October 10, 2007, Petitioner was indicted on a charge of bank robbery. Petitioner was represented by appointed counsel until a conflict of interest arose in April 2008, which prompted counsel to move to withdraw. The motion was granted and a new attorney was appointed, but before the new attorney could file an appearance, Petitioner made an oral motion to terminate the new attorney so that he could proceed *pro se*. Petitioner represented himself until August 20, 2008, when the Court appointed Ronald Clark to represent Petitioner. Mr. Clark stayed with Petitioner through his trial and sentencing hearing.

On December 16, 2009, a jury found Petitioner guilty of one count of bank robbery under 18 U.S.C. § 2113(a). Because the Court concluded that Petitioner qualified as a career offender, Petitioner's guideline range was for a term of imprisonment of 210 to 240 months. But the Court found that the career offender classification overstated Petitioner's criminal history, and therefore the Court imposed a sentence of 180 months of imprisonment and three years of supervised release.

Petitioner filed a Notice of Appeal on August 28, 2009, and the Seventh Circuit appointed an attorney to represent him. After reviewing the trial court record and finding only frivolous claims, appellate counsel moved to withdraw under *Anders v. California,* 386 U.S. 738 (1967). On September 9, 2010, the Seventh Circuit granted the Motion to Withdraw and dismissed Petitioner's appeal. *United States v. Cunningham,* 393 F. App'x 403, 408 (7th Cir. 2010). The United States Supreme Court denied certiorari on May 16, 2011. *Cunningham v. United States,* 131 S.Ct. 2471 (2011).

The Motion to Vacate, filed timely on May 8, 2012, raises substantive due process and ineffective assistance of counsel claims. First, Petitioner argues that he was beaten by a prison guard after he requested to read a law book before his trial. Next, Petitioner contends that his trial counsel was ineffective because trial counsel failed "to communicate any further [plea] negotiations on Petitioner's behalf." Motion at 24. Finally,

Petitioner claims that his appellate counsel provided ineffective assistance in three ways: (1) by concluding in her *Anders* brief that Petitioner could not raise a meritorious *ex post facto* challenge, (2) by failing to raise a significant and obvious change in governing Seventh Circuit precedent, and (3) by filing an *Anders* brief arguing the case against Petitioner.

## II.  LEGAL STANDARD

Prisoners in federal custody may challenge their conviction or sentence by filing a motion with "the court which imposed the sentence" arguing that the "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Relief under § 2255 is an "extraordinary remedy" because the petitioner already has "had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

## III.  DISCUSSION

### A.  Pre-trial Assault

Petitioner alleges that he was assaulted by a correctional officer after he requested to read a law book before his trial. It is unclear how this alleged event contributed to or affected Petitioner's conviction or sentence. Because this beating was inflicted by a Government officer, Petitioner argues, the Government punished him before he was convicted. Regardless of whether he might prevail in a separate suit for damages or injunctive relief based on this claim – indeed, Petitioner already

has commenced a separate *Bivens* action – Petitioner has not argued that the alleged assault entitles him to have his conviction or sentence vacated or modified. Nor could he, as there is no indication that the alleged beating affected any of the proceedings before this Court. Accordingly, this claim is not cognizable under § 2255. *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir. 1997) (explaining that § 2255 is available only where the petitioner challenges the fact that he is "in custody").

### B. Ineffective Assistance of Counsel

To demonstrate that counsel was ineffective, a *habeas* petitioner must establish that "counsel's representation fell below an objective standard of reasonableness" and that he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 688 (1984). "The *Strickland* test is highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams,* 106 F.3d 1362, 1367 (7th Cir. 1997).

#### 1. Trial Counsel

Petitioner contends that Mr. Clark, who represented him from August 20, 2008 through sentencing in September 2009, provided ineffective assistance during plea negotiations. Petitioner was offered a plea deal on July 30, 2008, when he was proceeding *pro se*. Mr. Cark began representing petitioner three weeks later. At that point, the plea deal was still available but had not been

accepted, and the case was set for trial. The plea deal was never withdrawn, and there is no evidence of any other plea negotiations.

To establish that he was prejudiced by counsel's allegedly ineffective assistance, Petitioner must show "through objective evidence" that "there is a reasonable probably that he would have accepted the alleged proposed plea agreement absent defense counsel's advice." *Paters v. United States,* 159 F.3d 1043, 1046 (7th Cir. 1998). Here, Petitioner received the offer before he was represented by Mr. Clark. The plea offer was available and never withdrawn. These facts belie Petitioner's contention that he would have accepted the deal if not for counsel's advice. But even if they did not, there is no indication that any "objective evidence" exists that could demonstrate that Petitioner would have accepted the deal. Accordingly, the Court determines, without evaluating counsel's performance and without the need for an evidentiary hearing, that any errors did not prejudice Petitioner. *United States v. Taylor,* 569 F.3d 742, 748 (7th Cir. 2009) ("Courts may deny ineffective assistance of counsel claims for lack of prejudice without ever considering the question of counsel's actual performance.").

### *2. Appellate Counsel*

Petitioner raises several issues related to the *Anders* brief filed by his appointed appellate counsel. When assisting a convicted defendant with his criminal appeal, appointed counsel may

move to withdraw by filing an *Anders* brief that "advise[s] the court of what points he might have raised and why he thinks they would have been frivolous." *United States v. Edwards,* 777 F.2d 364, 365 (7th Cir. 1985) (citing *Anders v. California,* 386 U.S. 738, 744 (1967)). Although "counsel must consistently serve the client's interest to the best of his or her ability," *McCoy v. Court of Appeals of Wis., Dist. 1,* 486 U.S. 429, 438 (1988), counsel also is "honor-bound" to advise the court "if he believes in good faith that there are no [non-frivolous] arguments that he can make on his client's behalf." *Edwards,* 777 F.2d at 365.

To protect the criminal defendant's Sixth Amendment right to counsel, an *Anders* brief must "explain[] the nature of the case and fully and intelligently discuss[] the issues that the type of case might be expected to involve." *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996). Ordinarily, such a brief:

> should (1) identify, with record references and case citations, any feature of the proceeding in the district court that a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error; (2) sketch the argument for reversal that might be made with respect to each such potential ground of error; and (3) explain why he nevertheless believes that none of these arguments is nonfrivolous.

*Edwards,* 777 F.2d at 366. A proper *Anders* brief is essentially "an expert opinion that the appeal is devoid of merit." *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir. 1997) *(per curiam).*

On appeal, Petitioner argued that he was sentenced improperly because he was classified wrongly as a career offender. This error arose, he asserted then and presses now, because he was sentenced under the version of the Sentencing Guidelines in effect in 2008, not those in force in 2006, which treated prior offenses somewhat differently. Petitioner wanted appellate counsel to raise this *ex post facto* issue on appeal. But appellate counsel found this issue frivolous because, in her view, Petitioner's guideline calculation would have been the same under either version of the guidelines. Regardless, the Seventh Circuit considered this issue and found that Petitioner had, because of comments he made at sentencing, "waived any argument on appeal regarding his career-offender status." *Cunningham,* 393 F. App'x at 408. Petitioner, therefore, could not have suffered any prejudice from appellate counsel's treatment of the issue and cannot obtain § 2255 relief based on counsel's alleged ineffectiveness.

Petitioner also claims that appellate counsel proved ineffective for failing to raise another issued related to his classification as a career offender, this time regarding a significant change in law. He notes that *United States v. Welton,* 583 F.3d 494 (7th Cir. 2009), which held that a district court may not disagree with the career offender Guideline, was overruled by *United States v. Corner,* 598 F.3d 411 (7th Cir. 2010), which explained that a district court could disagree with the Guideline.

The Seventh Circuit in *Corner* explained that U.S.S.G. § 4B1.1 – the career offender Guideline - provides a "benchmark" for consideration in sentencing, but that its "floors" and "ceilings" are "not legally binding." *Id.* at 416.

However, this change in law is immaterial. Petitioner's status as a career offender yielded a guideline range of 210 to 240 months. After considering the factors listed in 18 U.S.C. § 3553(a), this Court sentenced Petitioner to only 180 months. The Court even noted that Petitioner's status as a career offender "overstate[d]" his criminal history, and accordingly the Court departed from the guidelines and gave Petitioner a lesser sentence. Tr. 8/25/09 at 37. At sentencing, this Court appropriately treated the range provided for by the career offender Guideline as only a "benchmark," rather than as a "legally binding" floor. *Corner,* 598 F.3d at 416. Since this change in law had no bearing on sentencing in the present case, Petitioner does not demonstrate how the "the result of the proceeding would have been different" if counsel had raised the issue on direct appeal. *Strickland,* 466 U.S. at 669. Thus, Petitioner cannot prevail on an ineffective assistance claim on this issue.

Finally, Petitioner attacks the *Anders* brief as a whole, arguing that it was improper for appellate counsel to brief the "case entirely against Petitioner." Motion at 12. Unfortunately for Petitioner, "the right to appellate representation does not

include a right to present frivolous arguments to the court." *Smith v. Robbins,* 528 U.S. 259, 272 (2000). In the fifty-seven page *Anders* brief, appellate counsel identified eight arguments that could have been raised on appeal, as well as numerous sub-issues within these arguments. The brief cites repeatedly to the trial and sentencing record as well as a number of relevant legal authorities, thereby evidencing a "diligent and thorough evaluation of the case." *McCoy,* 486 U.S. at 438. Utilizing these sources, counsel explained the potential arguments and their blatant deficiencies. Consistent with the "ethical obligation to refuse to prosecute a frivolous appeal," counsel then moved to withdraw. *Id.* at 436. The *Anders* brief does not support the conclusion that counsel acted in an adversarial manner to Petitioner, and nothing suggests that counsel failed to meet the established standards for filing an *Anders* brief. Indeed, a panel of Seventh Circuit judges reviewed the brief, agreed that all of the issues were frivolous, and granted the Motion to Withdraw. *United States v. Cunningham,* 393 F. App'x 403 (7th Cir. 2010) (unpublished order). For these reasons, counsel's representation of Petitioner on appeal did not amount to ineffective assistance of counsel.

## IV. CONCLUSION

For the reasons stated, the Motion to Vacate, Set Aside or Correct Judgment is denied. Petitioner's other Motions [ECF Nos. 9, 10, 12, 14, 18, 23] are denied as moot because no

additional stay, extension, or status is necessary.  Petitioner's request for a new sentencing hearing in light of *Peugh v. United States,* 133 S.Ct. 2072 (2013) is denied because Petitioner's conviction became final before *Peugh* was decided and *Peugh* does not apply retroactively.  *Hawkins v. United States,* 724 F.3d 915, 917 (7th Cir. 2013).  Finding no substantial showing of the denial of a constitutional right, the Court denies a Certificate of Appealability.  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                              Harry D. Leinenweber, Judge
                              United States District Court

Date:9/19/2014